70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert William SANTILLO, Defendant-Appellant.
 No. 94-50215.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1995.
Decided Sept. 5, 1995.
 
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Robert William Santillo argues that he was denied effective assistance of counsel at trial. Santillo also appeals the district court's denial of his motion for a new trial. We dismiss Santillo's claim of ineffective assistance of counsel without prejudice and affirm the district court's denial of his motion for a new trial.
 
 I. Ineffective Assistance of Counsel
 
 3
 We normally do not consider claims of ineffective assistance of counsel on direct appeal because our review of trial counsel's effectiveness usually requires additional evidence not found in the trial record. United States v. Birges, 723 F.2d 666, 670 (1984).
 
 
 4
 The record is clear on the following facts: Santillo's trial attorney, Marcia Brewer, began her representation of Santillo on the day before his second trial began. Excerpts of Record at 18 [hereinafter "ER"]. She did not have access to a full transcript of Santillo's first trial. She only had transcripts of testimony by two key eyewitnesses to the crime. ER at 92. Brewer stated at the outset of trial that she was ready to begin (Government's Excerpts of Record at 1 [hereinafter "GER"]; however, when she objected to FBI Special Agent Yarborough's testimony regarding a statement Santillo made before his arrest, she stated that she was "somewhat working at a handicap because [she came] into the case late." ER at 92. The district court overruled her objection that the agent had obtained Santillo's statement in violation of Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 5
 I am going to rule that the point has been waived by failure to bring a pretrial motion and rule that although Miranda might well apply, I'm not going to actually decide that because I don't have to. All I'm going to decide is that the point was waived, since there are no pretrial motions to suppress, and I find no adequate cause to litigate the matter during trial.
 
 
 6
 ER at 94. Although these facts might tend to support Santillo's ineffective assistance claim, the record is inadequate for full determination of this issue.
 
 
 7
 Santillo argues that Brewer's representation was ineffective because of her failure to obtain a full transcript of his first trial and because of her failure to file a pretrial motion to suppress Agent Yarborough's testimony.[1] We cannot decide this issue based on the scant evidence in this record. The record is silent on the following: why Brewer did not obtain a full transcript of the first trial; whether she conferred with Santillo before trial; whether she determined whether pretrial motions should be filed; and why Callahan, counsel for whom Brewer was substituted, did not file any pretrial motions. We therefore decline to review Santillo's claim on direct appeal.
 
 
 8
 II. Denial of Santillo's Motion for a New Trial
 
 
 9
 In moving for a new trial, Santillo requested that the court exercise its discretion to grant relief from his failure to bring a timely pretrial motion to suppress his statement to Agent Yarborough. See United States v. Gonzales, 749 F.2d 1329, 1336 (9th Cir.1984). The district court found no basis in the record for granting such discretionary relief. The district court did not abuse its discretion in reaching this conclusion.
 
 CONCLUSION
 
 10
 We DISMISS without prejudice appellant Santillo's claim of ineffective assistance of counsel and AFFIRM the district court's denial of his motion for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 More generally, Santillo alleges that Brewer did not have time to "confer with [him] in a meaningful way"; to "examine relevant documents, records, and exhibits for the purpose of formulating a meaningful defense"; and to "prepare adequate cross-examination of witnesses." Appellant's Opening Brief at 28-29